**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

OMAR A. ALSOOFI,

Plaintiff, CASE NO. 16-12604
HON. DENISE PAGE HOOD

v.

JACOB J. LEW, in his capacity as
Secretary of the United States
Department of Treasury,

Defendant.
_______________________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [#30]**

## I. INTRODUCTION

On July 12, 2016, Plaintiff Omar A. Alsoofi ("Alsoofi") brought this action against Defendant Secretary of the United States Department of Treasury (the "Government"). (Doc # 1) This action arises out of events that occurred during Alsoofi's training to become a Criminal Investigator with the Internal Revenue Service ("IRS"). (Doc # 1, Pg. 3) Alsoofi claims he was discriminated against because of his national origin, race or color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Doc # 1, Pg. 3) Alsoofi was represented by an attorney when this action commenced. On April 11, 2017,

Alsoofi filed a Motion to Remove Counsel. (Doc # 11) The Government did not oppose the Motion. (Doc # 12) The Court granted Alsoofi's Motion on May 10, 2017. (Doc # 13) Alsoofi proceeds *pro se*. Alsoofi requests damages for lost wages and reinstatement in the Criminal Investigator training program.

On January 20, 2017, a Scheduling Order was issued setting a Discovery due date of July 17, 2017 and a Dispositive Motion Cut-off date of August 17, 2017. (Doc # 8) On July 13, 2017, a Stipulated Order set a new Discovery due date of September 15, 2017 and a Dispositive Motion Cut-off date of October 16, 2017. (Doc # 18) On September 14, 2017, a Stipulated Order set a new Discovery due date of October 16, 2017 and a Dispositive Motion Cut-off date of November 16, 2017. (Doc # 22) Defendant filed a Motion for Summary Judgment on November 16, 2017. (Doc # 23) Alsoofi filed a Response on November 20, 2017 (Doc # 24), asking the Court to consider an exhibit attached to the Response as Plaintiff's Motion for Summary Judgment. (Doc # 24-15) The Government filed a Reply on December 11, 2017. (Doc # 28) A hearing on the Motion for Summary Judgment was held on February 7, 2018.

On March 1, 2018, Alsoofi filed a Motion for Leave to File Amended Complaint. (Doc # 30) Defendant filed a Response on March 22, 2018. (Doc # 33) Plaintiff filed a Reply on March 23, 2018. (Doc # 34)

For the reasons that follow, Alsoofi's Motion for Leave to File Amended Complaint is **GRANTED**.

## II. PLAINTIFF'S PROPOSED AMENDMENTS

Alsoofi is an Arab-American. He has been a revenue officer for the IRS since 2006. On July 1, 2012, he began training to become a Criminal Investigator for the IRS. (Doc # 1, Pg 2) Alsoofi was one of 24 trainees in his training cohort. (*Id.*) Alsoofi asserts that he was the only trainee of Arab descent in his cohort, which lasted from July 1, 2012 until November 29, 2012. (Doc # 1, Pg 2) If a trainee failed three of the examinations—either written exams or practical exercises, collectively—before completion of the program, it was considered a failure of three "critical job elements" and the trainee was removed from the training program. (Doc # 23-2, Pg. 78)

Alsoofi passed the first two parts of Criminal Investigator training. The first practical exercise was called "Specific Item." (Doc # 23, Pg. 8) The exercise entailed analyzing documents and applying evidence to determine the amount of unreported income and additional tax due and owing by a taxpayer. (*Id.*) During November 2012, prior to the administration of the first practical exercise, Special Agent ("SA") Daniel Morris, an instructor for the course, presented a slide to the cohort displaying a picture of a camel in the middle of a parking lot. Alsoofi claims

that, while displaying the picture, SA Morris asked the class how you can spot a terrorist. (Doc # 1, Pg 2, ¶ 12)

SA Morris was responsible for grading Alsoofi's Specific Item exercise. (*Id.* at ¶ 13) Alsoofi failed the exercise. After receiving his first failing grade, Alsoofi spoke with the cohort advisor, JoAnne McLean. (*Id.* at 19) During the conversation, he told her his exercise results were "bullshit" and that he would not retake the exercise. (*Id.*) Alsoofi later spoke with SAI Scanlon about the exercise results. Alsoofi told Scanlon that he preferred a multiple-choice format, at which time Alsoofi alleges Scanlon told him the Criminal Investigator job was not for him. (Doc # 1, Pg 3, ¶ 16; Doc # 23-2, Pg. 20-21) Scanlon indicated that the practical exercises were more closely aligned with the on the job duties of an IRS Criminal Investigator. Alsoofi subsequently completed the remedial Specific Item exercise and passed. (Doc # 23-2, Pg. 4)

Alsoofi took the second practical exercise in November 2012. The practical exercise was called Report Writing. (Doc # 23, Pg. 12) Alsoofi failed the exercise. After his second failure, Alsoofi was allowed to retake the portions of the exercise he failed on November 28, 2012. (Doc # 23, Pg. 13) Alsoofi was scored on the three sections he retook, and failed. That was Alsoofi's third "strike."

SAI Scanlon briefed her supervisor, Assistant Director McClinton, and recommended that Alsoofi be removed from the training program due to his

academic failure. (Doc # 23-2, Pg. 30) Relying on Scanlon's recommendation, McClinton recommended Alsoofi's removal from the training program to the Director of the program, Terry Stuart ("Stuart"). (Doc # 23-2, Pg. 30) On November 30, 2012, Stuart relayed McClinton's recommendation to Director of Strategy Charles Hunter ("Hunter"). (*Id.*) Hunter made the final decision to remove Alsoofi from the training program. The IRS arranged for Alsoofi to return to his former position as a revenue officer. (Doc #23, Pg. 14) Alsoofi was placed in the Pontiac, Michigan office, but later returned to his original office location in Clinton Township, Michigan on March 10, 2013. (Doc # 23-2, Pg. 98)

From the original cohort of 24 trainees, only Alsoofi and trainee AG were removed from the training program for academic failure. (Doc # 23-2, Pg. 32) Alsoofi and AG were the only trainees in the cohort who received "three strikes", and they were the only members of the cohort removed from the program. (*Id.* at 32)

Alsoofi seeks leave to amend his Complaint to add a Title VII retaliation claim against Defendant. Alsoofi alleges he was retaliated against for filing a workers' compensation claim and for contacting the Equal Employment Opportunity Commission (EEOC). (Doc # 30-1, ¶ 18) Alsoofi argues that good cause exist to grant the present Motion because his former attorney failed to include the retaliation claim in the Complaint. (Doc # 30, Pg. 2) Alsoofi adds that he was

unfamiliar with employment discrimination law and retaliation claims, and realized he could allege a claim for retaliation after doing research using the documents he received during Discovery. (*Id.*) Defendant contends that granting Alsoofi leave to amend the Complaint will cause undue delay and prejudice to Defendant. (Doc # 33, Pg. 3) Defendant also argues that Alfoosi's proposed amendment is futile because Alsoofi has not provided the factual predicate for his retaliation claim. (*Id.* at 7–8)

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Defendant does not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,

(2) the lack of notice to the other party,

(3) bad faith by the moving party,

(4) repeated failure to cure deficiencies by previous amendments,

(5) undue prejudice to the opposing party, and

(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B. Analysis**

Defendant argues that Alsoofi's amendment should be denied because (1) of Alsoofi's undue delay, (2) it will unfairly prejudice Defendant, and (3) the amendment is futile. Defendant's arguments are unpersuasive.

Alsoofi's Motion for Leave to File Amended Complaint was filed well after the close of Discovery and after the Dispositive Motion Cut-off date. Defendant will certainly suffer prejudice if Alsoofi is granted leave to file his amended complaint. The proposed amendment would require that the Court, among other things, amend the Scheduling Order, reopen Discovery, have Defendant's current Motion for Summary Judgment stricken or withdrawn, and further extend the Dispositive Motion deadline. Defendant will incur additional costs.

The Court finds, however, that Alsoofi's explanation for the delay favors granting the present Motion. This Court granted Alsoofi's Motion to Remove Counsel (Doc # 13) due to a breakdown in Alsoofi's relationship with his former attorney. Alsoofi asserts that his former attorney did not include a retaliation claim in the Complaint, and adds that he became aware of his potential retaliation claim through his own research following Discovery. Considering that Alsoofi is a *pro se* plaintiff, to the extent he can prove his retaliation claim, he will be allowed to amend the Complaint. In addition, the Court concludes that: (1) prejudice aside, Defendant has not been harmed by a lack of notice; (2) there is no evidence Alsoofi is acting in bad faith; (3) there have been no previous attempts to amend the Complaint.

Defendant argues that Alsoofi's proposed retaliation claim could not withstand a motion to dismiss because Alsoofi has not provided the factual predicate for the claim. The Court disagrees. As Defendant correctly notes, "plaintiff is not required to plead facts establishing a prima case [of retaliation] because that standard is an evidentiary standard and not a pleading requirement." (Doc # 33 7–8) A prima facie case of retaliation requires that a plaintiff demonstrate: (1) he engaged in activity protected by Title VII; (2) that was known by the Defendant; (3) who thereafter took an adverse employment action against plaintiff; and (4) that there is a causal connection between the protected activity and

the adverse employment action. *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 552–53 (6th Cir. 2002). Paragraph 18 of Alsoofi's proposed amended complaint clearly states that Alsoofi "was retaliated against for filing a workers' compensation claim, implicitly complaining about the discriminatory grading practices of the training program, and for contacting the EEO." (Doc # 30-1, ¶ 18) In addition, in Alsoofi's Response to Defendant's Motion for Summary Judgment, Alsoofi attempted to explain the underlying facts of his retaliation claim. (Doc # 24, Pg. 12–13) While the Response was not the appropriate document to attempt to add his retaliation claim, the same facts can be used to support the retaliation claim alleged in the proposed amended complaint. Alsoofi's proposed amendment is not futile.

The Court holds that Alsoofi may file an amended complaint and orders that Alsoofi file the "First Amended Complaint," attached to the present Motion as "Exhibit Amended Complaint" (or "Amended Complaint").

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff Omar A. Alsoofi's Motion for Leave to File Amended Complaint (Doc # 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must file the Amended Complaint within 14 days of the entering of this Order.

**IT IS FUTHER ORDERED** that the Court will issue an Amended Scheduling Order, and no further amendments to the Scheduling Order will be issued.

**IT IS FURTHER ORDERED** that, in accordance with this Order, Defendant's Motion for Summary Judgment (Doc # 23) is **DISMISSED WITHOUT PREJUDICE**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager